HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>    Plaintiff,<br><br>  v.<br><br>WESTERN WOOD, LLC,<br><br>    Defendant. | CASE NO. C12-5479 RBL<br><br>ORDER<br>[DKT. # 28 & 34] |

Waste Action Project initiated this action against Western Wood as a citizen-suit under the Clean Water Act. Waste Action alleges that Western Wood has violated the Clean Water Act and the terms of its National Pollutant Discharge Elimination System permit. Although Western Wood denies all of Waste Action's allegations, it has agreed to settle this matter. Currently pending before the Court is the parties' joint motion for approval of their proposed consent decree.

While there is no issue with the substance of the parties' agreement, Western Wood has asked the Court to review the reasonableness of the consent decree's proposed attorney's fees award to Waste Action. After giving the parties an opportunity to brief their positions on the reasonableness of the proposed fee award, the Court still does not have the information necessary

to evaluate whether Waste Action's claimed attorney's fees are reasonable. Accordingly, the proposed consent decree is approved, but the stipulated attorney fee award is stricken from the decree. Waste Action is entitled to an award for its reasonable attorney's fees, but the amount of that award will be determined by the Court after it receives the information that is essential to assess whether claimed attorney's fees are reasonable.

## I.     Procedural Background

Western Wood first asked the Court to evaluate the reasonableness of Waste Action's claimed attorney's fees while the parties were still negotiating a settlement. On May 23, 2013, Western Wood moved the Court to conduct a *Lodestar* analysis of Waste Action's claimed attorney's fees and costs, which was $25,000 at the time. Western Wood argued that Waste Action's claimed fees were excessive given the nature of the case, the amount of the agreed upon penalty for Western Wood's alleged violations, the lack of extensive litigation before the parties agreed to settle, and Waste Action's refusal to provide documentation to support the fees. However, because the parties had not yet reached a settlement, there was not a controversy for the Court to rule upon at that time. Western Wood's motion for a prospective ruling on the appropriate measure of reasonable fees was denied without prejudice, but the Court noted that Waste Action would have to comply with the Supreme Court and Ninth Circuit's well-established standards and procedures for seeking and obtaining attorney's fees if the issue was later properly before the Court.

The parties submitted their proposed consent decree to the Court on August 9, 2013. The parties' consent decree proposes that Western Wood pay a $30,000 penalty for its alleged violations of the Clean Water Act and an additional $36,000 to Waste Action for its attorney's fees. It appears from the consent decree that Western Wood has agreed to the $36,000 attorney's

fee award. On October 2, however, Western Wood's attorney submitted a letter to the Court in which he again asked the Court to review the reasonableness of the proposed award. In the letter, counsel claimed that Waste Action's attorney refused to provide any documentation to support the reasonableness of the award until after Western Wood agreed to waive the right to have the Court determine the appropriate measure of reasonable fees.

Because the request for attorney's fees is now properly before the Court, and because Western Wood has twice attempted to raise the issue, the Court asked counsel for both parties to brief their position on the reasonableness of the award. In its brief and supporting documents, Waste Action claimed that its actual attorney's fees significantly exceeded $36,000 and identified the tasks that its attorneys performed, the hours that each of its attorneys worked on the case, and identified each attorney's hourly rate.[1] Waste Action did not, however, indicate how much time its attorneys spent on each task or what tasks each attorney has worked on.

## II.  Discussion

A court may award costs of litigation, including reasonable attorney's fees, to a prevailing party in a Clean Water Act lawsuit whenever the court determines that such an award is appropriate. 33 U.S.C. § 1365(d). Because the determination of attorney's fees is within the court's discretion, *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2005), it is the court's responsibility to ensure that attorney's fees that are awarded are reasonable. While it would certainly be within the court's discretion to accept a joint stipulation by the parties that an award is appropriate and reasonable, when one of the parties claims that it was coerced, further

---

[1] In Waste Action's brief, it asked the Court to reconsider the order to the extent that it directed Waste Action to submit a full application for attorney's fees. At that time, the Court was not instructing Waste Action to submit a full application for fees, so its motion for reconsideration (Dkt. # 34) is DENIED as moot.

consideration is necessary. Because Western Wood has claimed that it felt compelled to agree to the $36,000 attorney's fees award, and because Western Wood has twice asked the court to verify the reasonableness of the proposed award, the Court cannot accept the proposed fee award as reasonable without further inquiry.

When a court determines the reasonable measure of attorney's fees, the first step is to calculate the *Lodestar* figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The *Lodestar* figure is the number of hours reasonably expended on the litigation multiplied by the appropriate hourly rate. *Id.* When calculating the *Lodestar* figure, any time that is inadequately documented or that is claimed for overstaffed, redundant, or unnecessary work should be excluded. *Id.* at 434. After determining the lodestar figure, the Court must then determine whether to adjust the award up or down based on any of the *Kerr* factors that have not been subsumed in the lodestar calculation.[2] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) *cert. denied*, 425 U.S. 951 (1976).

Western Wood has agreed that Waste Action is a substantially prevailing party and should be awarded its reasonable attorney's fees. Western Wood has further conceded that Waste Action's attorneys' hourly rates are reasonable and that the tasks that its attorneys performed were necessary to the litigation. Western Wood's main concern is that Waste Action has not provided any evidence documenting how long its attorneys worked on each task.

---

[2] The twelve *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rule of Professional Conduct 1.5.

Because Waste Action has not provided Western Wood or the Court with any evidence of how long its attorneys spent on each task, there is no way to tell if its attorneys have spent an unreasonable amount of time on one or more of the tasks that they performed or on the litigation overall. Accordingly, the Court is unable at this time to conclude that a $36,000 attorney's fees award is reasonable. Unless the parties can resolve this issue without the Court's further involvement, Waste Action must follow the well-established procedures for seeking and obtaining attorney's fees.

### III. Conclusion

The Court is unable to evaluate whether $36,000 is a reasonable attorney's fees award in this matter based on the evidence submitted by the parties. The parties proposed consent decree will be approved, the Order from the Court will award Waste Action reasonable attorney's fees, but the amount of that award will be determined by the Court in a subsequent order. Waste Action will have 30 days from the date of this Order to submit its application for fees.

Dated this 14th day of November, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE